DA 25-0466

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 7N

IN THE MATTER OF:

A.G., A.G., and H.G.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause Nos. BDN-2023-22,
BDN-2023-36, and BDN-2023-23
Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Allen P. Lanning, Law Office of Allen P. Lanning, PC, Great Falls,
Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Cori Losing, Assistant
Attorney General, Helena, Montana

          Kevin Downs, Lewis and Clark County Attorney, Christine Zadra,
Deputy County Attorney, Helena, Montana

                    Submitted on Briefs:  January 7, 2026

                              Decided:  January 20, 2026

Filed:

                _____
                              Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mother appeals from the First Judicial District Court's order terminating her parental rights to A.G., A.G., and H.G. We affirm.

¶3 The children were adjudicated youths in need of care in May 2023. The District Court approved treatment plans for both parents in June 2023. After extended temporary legal custody and a contested termination hearing on December 20, 2024, the District Court terminated parental rights pursuant to § 41-3-609(1)(f), MCA. The court entered written findings, conclusions, and an amended termination order in March 2025.

¶4 The record reflects Mother's long history of substance use, repeated removals, prior failure to complete treatment plans, multiple involuntary discharges from treatment programs, and periods of homelessness. The record also reflects Mother's substantial recent progress, including completion of inpatient treatment, approximately nine months of sobriety achieved largely in structured settings, improved visitation, and engagement in services. The District Court expressly acknowledged Mother's recent progress and credited her efforts but nonetheless concluded the statutory criteria for termination were met.

## A. Sufficiency of Findings

¶5 Mother argues the District Court's findings are inadequate because they summarize testimony and do not resolve every evidentiary tension. Read as a whole, however, the findings demonstrate the court's understanding of the evidence and the basis for its decision. The court acknowledged Mother's recent progress and nevertheless found that she had not successfully completed her treatment plan and that the conditions rendering her unfit were unlikely to change within a reasonable time. The findings are sufficiently specific to permit appellate review and are supported by substantial evidence. *See In re D.H.*, 2001 MT 200, ¶¶ 14-15, 306 Mont. 278, 33 P.3d 616.

## B. Likelihood of Change within a Reasonable Time

¶6 To terminate under § 41-3-609(1)(f), MCA, the court must find that the child was adjudicated a youth in need of care, the parent did not successfully complete an appropriate treatment plan, and the parent's conduct or condition rendering the parent unfit is unlikely to change within a reasonable time. In making this determination, the court must give primary consideration to the child's physical, mental, and emotional needs and may assess past and present conduct. *See* § 41-3-609(2)-(3), MCA.

¶7 The District Court's determination that Mother's conduct or condition was unlikely to change within a reasonable time is supported by the record. Although Mother made commendable recent progress, the court permissibly considered her lengthy history of relapse and inability to sustain sobriety and stability in the community, multiple involuntary discharges from treatment, and the timing of her progress after the termination petition was filed. Montana law does not require a district court to delay permanency to

3

test whether late improvements will be sustained. The court acted within its discretion in concluding that Mother had not demonstrated the ability to make sufficient progress within a reasonable time to parent these children safely.

## C. Reasonable Efforts

¶8 Mother contends the Department failed to make reasonable efforts under § 41-3-423, MCA, and that the District Court erred by not making explicit reasonable-efforts findings. Reasonable efforts are relevant to termination insofar as they bear on whether a parent's conduct or condition is likely to change within a reasonable time; they are not a separate element of termination under § 41-3-609, MCA. *See In re R.J.F.*, 2019 MT 113, ¶ 26, 395 Mont. 454, 443 P.3d 387.

¶9 The record supports that the Department made reasonable efforts to reunify the family, including repeated referrals to treatment, assistance with housing applications, facilitation of visitation during incarceration and treatment, coordination with criminal justice services, and provision of services to the children. That these efforts were ultimately unsuccessful does not render them unreasonable. On this record, the District Court did not abuse its discretion by proceeding to termination without explicit reasonable-efforts findings.

## D. Best Interests

¶10 The District Court also determined termination was in the children's best interests. The children had been in foster care for more than 15 of the most recent 22 months, triggering the presumption under § 41-3-604(1), MCA. The court considered the children's need for stability and permanency, their trauma histories, and Mother's inability to provide

4

timely, safe reunification.  Mother did not rebut the presumption.  Substantial evidence supports the District Court's best interests determination.

**Conclusion**

¶11     The District Court carefully considered the evidence, acknowledged Mother's recent progress, and nonetheless concluded that statutory criteria for termination were met. The court did not act arbitrarily or exceed the bounds of reason.  We affirm.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ KATHERINE M. BIDEGARAY


We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE